IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AUSTIN T. BINKS                   :

   v.                            :   Civil Action No. DKC 19-0298

KAREN L. COLLIER, et al.          :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this fraud case are the motion to dismiss, or, in the alternative, to transfer, filed by Defendants Karen and Tom Collier, (ECF No. 11) and the motion to transfer venue filed by Plaintiff Austin T. Binks, (ECF No. 15). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted, but the case will be transferred rather than dismissed.

I. **Background**

Unless otherwise noted, the facts outlined here are set forth in the complaint and construed in the light most favorable to Plaintiff. This dispute stems primarily from the alleged conversion by Defendants of two "rocket motors," a car, and numerous personal items belonging to Plaintiff. Austin Binks is the son of Ms. Collins and Andrew T. Binks, and the stepson of Mr.

Collins. Austin Binks is a Maryland resident, while both Defendants are currently residents of Hamilton, Ohio.

In 2015, Ms. Collins moved from Maryland to Ohio. Within a few months, she was cohabiting with Mr. Collins. While the timeline is not entirely clear, at some point thereafter, Plaintiff also lived with Defendants. In October 2016, Mr. Collins gifted Plaintiff a car – specifically a Hyundai Santa Fe – while living in Ohio. In February 2017, Mr. Collins sold two "rocket motors," which allegedly belonged to Plaintiff's father, to Heritage Auctions, a Texas auction house, ultimately receiving $41,985.

In May 2018, a dispute arose between Defendants and Plaintiff's father in Ohio's state court system. Plaintiff was embroiled in this dispute and alludes to Mr. Collier threatening him with violence in order to prevent his testimony. Plaintiff subsequently moved out of Defendants' home and claims that Defendants prevented him from taking both his car and his personal possessions with him. On January 31, 2019, Plaintiff brought this action for conversion, unjust enrichment, fraud, breach of contract, and "obstruction" relating to Defendants' efforts to prevent him from testifying in a separate Ohio state court action. Plaintiff alleges that this court has diversity jurisdiction, 28 U.S.C. § 1332, over this matter.

On September 13, 2019, Defendants filed a motion to dismiss for lack of jurisdiction or, alternatively, to transfer venue under

the doctrine of *forum non conveniens*. (ECF No. 11, at 1). Plaintiff opposed the motion, (ECF No. 13), and Defendants replied, (ECF No. 14). Plaintiff then filed a motion to transfer venue, (ECF No. 15), which Defendants oppose, insisting that Plaintiff's *father* – and not Plaintiff himself – actually filed the motion to transfer, (ECF No. 16). Notably, Plaintiff's father is himself involved in a related action before this court. *Binks v. Collier*, Case No. 1:19-cv-00298-DKC. Plaintiff replied to Defendants' response, asserting that he did in fact file the motion to transfer venue. (ECF No. 17).

## II. Analysis

Defendants move to dismiss for lack of personal jurisdiction. When a court's power to exercise personal jurisdiction is challenged by a motion under Federal Rule of Civil Procedure 12(b)(2), "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003)(internal citation omitted). If jurisdiction turns on disputed facts, the court may resolve the challenge after a separate evidentiary hearing or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). If the court chooses to rule without conducting an evidentiary hearing, relying

3

solely on the basis of the complaint, affidavits, and discovery materials, "the plaintiff need only make a prima facie showing of personal jurisdiction." *Carefirst*, 334 F.3d at 396. In determining whether the plaintiff has met its burden, all jurisdictional allegations must be construed in the light most favorable to the plaintiff, and the most favorable inferences must be drawn for the existence of jurisdiction. *See New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005).

Where a defendant is a nonresident, a federal district court may exercise personal jurisdiction only if "(1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). The Maryland long-arm statute, Md.Code Ann., Cts. & Jud. Proc. § 6-103, authorizes the exercise of personal jurisdiction to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002) (citing *Androutsos v. Fairfax Hosp.*, 323 Md. 634, 637 (1991)). This broad reach does not suggest that analysis under the long-arm statute is irrelevant; rather, it reflects that, "to the extent that a defendant's activities are covered by the statutory language, the reach of the statute extends to the outermost boundaries of the due process clause." *Dring v. Sullivan*, 423 F.Supp.2d 540, 545 (D.Md. 2006) (quoting *Joseph M.*

*Coleman & Assocs., Ltd. v. Colonial Metals*, 887 F.Supp. 116, 118–19 n. 2 (D.Md. 1995)); *see also Mackey v. Compass Mktg., Inc.*, 391 Md. 117, 141 n. 6 (2006) (although the "long-arm statute is coextensive with the limits of personal jurisdiction set by the due process clause," it is not "permissible to simply dispense with analysis under the long-arm statute").

Maryland's long arm statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103, provides in part:

> (b) A court may exercise personal jurisdiction over a person, who directly or by an agent:
>
> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply goods, food, services, or manufactured products in the State;
>
> (3) Causes tortious injury in the State by an act or omission in the State;
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State; ...
>
> (5) Has an interest in, uses, or possesses real property in the State

There is a limiting condition in § 6-103 (a): "If jurisdiction over a person is based solely upon this section, he may be sued

only on a cause of action arising from any act enumerated in this section."

To satisfy the long-arm prong of the analysis, a plaintiff must specifically identify a statutory provision that authorizes jurisdiction, either in his complaint or in opposition to a Rule 12(b)(2) motion. *See Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F.Supp.2d 649, 652 (D.Md. 2001); *Johansson Corp. v. Bowness Constr. Co.*, 304 F.Supp.2d 701, 704 n. 1 (D.Md. 2004). In his response, Plaintiff argues that "Maryland § 6-103(b)(3)(4) and (5)" apply. (ECF No. 13, at 5). Plaintiff suggests that these prongs of the long-arm statute apply because "Karen was clearly a resident of Maryland for 2015[.]" (*Id.*). Plaintiff also argues that jurisdiction is proper under these prongs as Defendants "were sued by the federal court in Maryland for selling estate assets," (*id.*), that Ms. Collins worked in Maryland until 2015, and that she was a resident of Maryland "when the Obstruction occurred." (*Id.* at 3). Finally, Plaintiff argues that Ms. Collins is subject to jurisdiction because she "was awarded via her divorce real property in Maryland." (*Id.* at 5).

Of these, only the-last mentioned fact could possibly confer jurisdiction on this court. Section 6—103(b)(3) is inapplicable as Plaintiff alleges no "acts or omissions" which occurred in Maryland. Section 6—103(b)(4) is equally unhelpful to Plaintiff, as neither Defendant is even alleged to conduct business of any

6

kind in Maryland.  Decisively, none of the allegations in Plaintiff's complaint relate to actions taken when Ms. Collins was a Maryland resident – not even the confusingly-worded and questionable "Obstruction" count, which the complaint makes clear is based on events which occurred in November 2015, several months after the Defendants had moved from Maryland to Ohio.  (ECF No. 1, at 10-11).

Only the fifth prong of the long arm statute is potentially applicable, based on Ms. Collins' alleged ownership interest in real property in Maryland.  Plaintiff's claims, however, do not "arise from" that ownership interest. *See* § 6-103 (a).  As to Mr. Collins, there are no plausible grounds for personal jurisdiction alleged in Plaintiff's complaint or reply.  Based on the above, Plaintiff cannot establish that personal jurisdiction exists over either Defendant.

The only remaining question is whether the court should dismiss this action or transfer it under 28 U.S.C. § 1406.  Courts "generally favor transfer over dismissal, unless there is evidence that a case was brought in an improper venue in bad faith or to harass defendants." *Zalatel v. Prisma Labs, Inc.*, 226 F. Supp. 3d 599, 613-14 (E.D. Va. 2016); *see also Belfiore v. Summit Fed. Credit Union*, 452 F. Supp. 2d 629 (D. Md. 2006) ("transfer is generally the favored route where the Court has a choice between transfer and dismissal").  The United States Court of Appeals for

the Fourth Circuit "has adopted a reading of [§] 1406(a) authorizing transfer 'for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district.'" *Estate of Bank v. Swiss Valley Farms Co.*, 286 F.Supp.2d 514, 522 (D. Md. 2003) (quoting *Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988)). Lack of personal jurisdiction is one such "impediment," and whether to dismiss or transfer an action under § 1406(a) rests within the discretion of the district court. *Id.* The test for whether transfer is appropriate under § 1406(a) hinges on whether such transfer is "in the interest of justice[.]" "Consideration of the interests of justice is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties." *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F.Supp.2d 852, 857 (D.Md. 2005) (citation and internal quotation marks omitted).

As the parties now agree that Ohio is the proper forum, and as the facts overwhelmingly establish that that is in fact the case, the case shall be transferred to the United States District Court for the Southern District of Ohio for all further proceedings. A separate order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge