UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AUSTIN BINKS,

    Plaintiff,

    v.

KAREN COLLIER, et. al.,

    Defendants.

Case No. 1:20-cv-77

McFarland, J.
Bowman, M.J.

# REPORT AND RECOMMENDATION

This civil action is before the Court on Defendants' motion to dismiss Plaintiff's complaint (Doc. 24) and Plaintiff's memorandum contra. (Doc. 30). Defendants did not file a reply in support of their motion.

## I.    Background and Facts

Plaintiff, Austin Binks, a Maryland resident, is the son of Defendant Karen Collier and non-party Andrew T. Binks. (Doc. 1, ¶6-7). Defendant Tom Collier is the husband of Karen Collier, both of whom are Ohio residents. (Doc. 1, ¶9). It appears that Andrew Binks and Karen Collier have had a strained relationship since their divorce and now Plaintiff has a strained relationship with his mother and step-father. The parties have taken to the court system to resolve their family disputes. This case is one of several filed in various courts in Ohio and Maryland between the parties in this matter as well as Mr. Andrew Binks. Plaintiff's complaint alleges conversion, unjust enrichment, fraud, breach of contract and obstruction. (Doc. 1).

According to the complaint, in 2015, Ms. Collier moved from Maryland to Ohio. Within a few months, she was cohabiting with Mr. Collier. In November 2015, Plaintiff,

then a minor, moved in with Defendants. (Id. at ¶21). In October 2016, Mr. Collier gifted Plaintiff a car – specifically a Hyundai Santa Fe. (Id. at ¶51, Exh. B). The car was taken away from Plaintiff by the Defendants approximately one month later. Plaintiff alleges the car was taken as punishment for Plaintiff's refusal to remain quiet about an incident of domestic abuse he witnessed in November 2015 between his mother and his biological father, Andrew Binks. (Id. at ¶58-59, 63). Ultimately, Ms. Collier pressed charges against Andrew Binks. Andrew Binks was arrested and convicted. Plaintiff alleges that Mr. Collier threatened to kill Plaintiff if he told anyone what he saw – that Ms. Collier was the aggressor in the fight between his parents that led to his father being jailed – and that Mr. Collier assaulted Plaintiff several times when the topic of testifying was brought up. (Id. ¶71-81). Plaintiff alleges he is entitled to damages for breach of contract due to the Defendants taking his car back and obstruction because of the alleged threats by Defendants regarding any testimony in court about the November 2015 alteration between Karen Collier and Andrew Binks.

In February 2017, Mr. Collier sold two rocket motors, which Plaintiff alleges used to belonged to his father and that it was done with Plaintiff's permission. Plaintiff alleges that Mr. Colllier sold the rockets to Heritage Auctions, a Texas auction house, ultimately receiving $41,985 for the rocket motors. Mr. Collier kept the proceeds from the sale for himself. (See Doc. 1, ¶ 23-28, Exh. A). Due to the alleged unauthorized sale of the rockets, Plaintiff alleges he is entitled to damages for conversion, unjust enrichment and fraud.

The tension between the parties further escalated in early 2018 when Defendants accused Plaintiff of domestic violence. At that time Plaintiff was removed from the

Defendants' home and charged with domestic violence. Plaintiff alleges the charges were eventually dismissed. (Id. ¶71-81). Plaintiff alleges that Defendants refused to allow him to have his personal belongings, which include diving equipment, wake boarding equipment, skiing equipment, firearms, bicycles, computers, clothing, shoes, books, video consoles and games, and musical instruments. (Id. at ¶47). Plaintiff alleges he is entitled to damages for obstruction because the domestic violence allegations were false. In addition, Plaintiff alleges he is entitled to damages for conversion due to Defendants retention of his personal property.

On January 31, 2019, Plaintiff, proceeding pro se, brought this action in the United States District Court for the District of Maryland. Plaintiff alleges that the District of Maryland has diversity jurisdiction, pursuant 28 U.S.C. § 1332, over this matter. On September 13, 2019, Defendants, also both proceeding pro se, filed a motion to dismiss for lack of jurisdiction or, alternatively, to transfer venue under the doctrine of *forum non conveniens.* The motion was granted in the alternative and the case was transferred to this Court on January 29, 2020. (See Doc. 20). Thereafter, Plaintiff filed applications to the Clerk for default against both Defendants. (Docs. 22, 23.). Defendants then moved to dismiss Plaintiff's complaint. (Doc. 24).

**II. Analysis**

*A. Standard of Review*

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

    *B. Plaintiff's complaint fails to state a claim for relief*

Here, as noted above, Plaintiff's complaint asserts claims for conversion, fraud, unjust enrichment, obstruction, and breach of contract against Defendants relating to the unauthorized sale of two rocket motors, the alleged improper retention of a car and numerous personal items belonging to Plaintiff as well as obstruction relating to state court proceedings. In their motion to dismiss, Defendants contend that Plaintiff's complaint contains vague and conclusory allegations and fails to state a claim for relief. Namely, Defendants assert that Plaintiff fails to establish that he was the owner of the property in question. Defendants further argue that Plaintiff's fraud claim is not plead with particularity.[1]

---

[1] When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008).

*1. Conversion and Unjust Enrichment*

First, Plaintiff's conclusory allegations fail to state a claim for conversion and unjust enrichment. Notably, "the elements of a conversion cause of action are (1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages." *Dice v. White Family Cos.*, 173 Ohio App.3d 472, 878 N.E.2d 1105, 1109 (2007) (citation omitted). Furthermore, in Ohio, unjust enrichment occurs "when a party retains money or benefits which in justice and equity belong to another." *Liberty Mut. Ins. Co. v. Indus. Comm'n of Ohio,* 40 Ohio St.3d 109, 532 N.E.2d 124, 125 (1988). To recover on a claim of unjust enrichment, a party must show: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Hambleton v. R.G. Barry Corp.,* 12 Ohio St.3d 179, 465 N.E.2d 1298, 1302 (1984).

As to the rocket motors, their ownership is not clearly set forth in the complaint.[2] It is alleged that the rocket motors were obtained by Andrew Binks "at some time in the past." (Doc.1, ¶ 23-24). The complaint does not allege that Andrew Binks gave the rocket motors to Plaintiff or that Plaintiff purchased them from his father. It does, however, allege that Defendants testified in state court that the rocket motors belonged to Plaintiff. (Id. at ¶29). What is interesting about that specific allegation is that one of the reasons Karen Collier was before the state court to make such a statement was because Andrew Binks

---

[2] Both parties make additional factual arguments in the briefs, however, the Court is limited to what is alleged in the complaint, with limited exceptions. See footnote 1.

5

was claiming the rocket motors should have been considered part of the marital estate and that they belonged to him, not Plaintiff. See Doc. 30, PageID#238. Furthermore, Plaintiff presented an affidavit to the state court, which this court may take judicial notice of and consider as it relates to allegations in the complaint, that stated Ms. Collier (therein referred to as Karen Binks) sold the rocket motors that "previously belonged to my father" and that she "received proceeds of approximately $8,000." (See. Doc. 24, PageID#193). Thus, Plaintiff has failed to sufficiently alleged that he was the proper owner of the rocket motors and thus, has failed to state a claim.

With respect to his personal property, other than conclusory allegations, Plaintiff fails to establish that he, in fact, owned the property or that defendants wrongfully retained the items. Notably, Defendants contend that such property does not exist or that such property was actually the property of Defendants. Of note is the fact that the personal property was located inside Defendants' home and that Plaintiff had just turned 18 years old at the time he was removed from the home. He does not assert he purchased the property with his own money, if the items were gifts to him, or how the personal items came to be in his alleged possession. In light of the foregoing, Plaintiff's complaint fails to allege that he properly owned the personal property in question. Accordingly, Plaintiff fails to state a claim for relief for conversion or unjust enrichment as to his personal property.

    2. *Fraud as to the rocket motors*

Plaintiff also fails to state a claim for relief for fraud related to the sale of rocket motors. "A party must state with particularity the circumstances constituting" fraud. Fed.R.Civ.P. 9(b). Rule 9(b) provides in pertinent part: "[i]n all averments of fraud or

6

mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "To satisfy the requirements of this rule, the plaintiff must allege specifically times, places, contents and victims of the underlying fraud." This requires a plaintiff to describe specific acts of the fraud within the pleadings. *Leeds v. City of Muldraugh, Meade County, KY*, 174 F. App'x 251, 254 (6th Cir.2006); *See also United States ex rel. Bledsoe v. Community. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir.2003) (under the FRCP 9(b)'s particularity requirement for averments of fraud, plaintiffs must plead "the time, place and contents of the misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."). Thus, "a [fraud] complaint may not rely upon blanket references to acts or omissions by all of the 'defendants,'" *Bledsoe* at 643, which is exactly what Plaintiff's complaint does here. Furthermore, Plaintiff alleges in the complaint that the state court Judge stated that "she would find that based on the testimony of Karen and Tom the rocket motors where [sic] mine and that I entered into an agreement with Tom to sell them." (See. Doc. 1, PageID#5). There can be no fraud if Plaintiff agreed to sell the rocket motors. Thus, there is not enough specificity set forth to survive the motion to dismiss the fraud claim.

   3. *Breach of contract*

 Next, in order to support a breach of contract claim in Ohio, a party must establish four elements: (1) a binding contract or agreement was formed; "[ (2) ] the nonbreaching party performed its contractual obligations; [ (3) ] the other party failed to fulfill its contractual obligations without legal excuse; and [ (4) ] the nonbreaching party suffered damages as a result of the breach." *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.,* 115

7

Ohio App.3d 137, 144, 684 N.E.2d 1261 (9th Dist.1996), (citing *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App.3d 95, 108, 661 N.E.2d 218 (8th Dist.1995)).

Here, with respect to his claim for breach of contract, Plaintiff's complaint alleges that he received a Hyundai Santa Fe as a gift from his mother and step-father. Purportedly, in support of this assertion, Plaintiff attached an undated photo of a Facebook post from his mother with the caption stating, "thank you mom and dad … for my new car." (Doc. 1, Ex. B). Plaintiff then alleges that his parents took the car away from him. There is no allegation that the car was titled in his name or that he was otherwise the owner of the car. Such allegations fail to establish the existence of any binding contractual agreement between Plaintiff and Defendants.

    4. *Obstruction*

Last, Plaintiff appears to assert a claim for "obstruction" relating to charges against him for domestic violence stemming from an argument with Defendants as well as Defendants alleged efforts to prevent Plaintiff from telling the truth about the domestic violence charge against Andrew Binks. (Doc. 1, ¶¶ 68-83). Plaintiff's obstruction claim should also be dismissed for failure to state a claim. Obstruction arises under criminal statutes, and there is, therefore, no private civil action available to plaintiff for alleged violations of criminal statutes. *See Kafele v. Frank and Wooldridge Co.*, 108 F. App'x 307, 308-09 (6th Cir. 2004); *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002) (plaintiff possessed no private right of action against the defendants for alleged violations of federal criminal statutes); *Giebell v. Heartland Dublin Nursing Facility*, No. 2:20-cv-3655, 2020 WL 6287014, at *3 (S.D. Ohio Oct. 27, 2020); *Norris v. Eagle*, No. 1:14-cv-906, 2015 WL 5084779, at *9 (S.D. Ohio Aug. 27, 2015) (holding no private cause of action

for a violation of the federal crime of obstruction of justice). *See also George v. State*, Nos. 10AP-4, 10AP-97, 2010 WL 4264417, at *7 (Ohio Ct. App. Oct. 28, 2010) ("In the absence of a specific provision to the contrary, criminal statutes generally do not create a private cause of action, but give rise only to a right of prosecution by the state"). *See generally Jacobson v. Kaforey*, 75 N.E.3d 203, 208 (Ohio 2016) (Kennedy, J. concurring); *Noe v. Housel*, 153 N.E.3d 941, 946-47 (Ohio Ct. App. 2020); *Hershey v. Edelman*, 932 N.E.2d 386, 393 (Ohio Ct. App. 2010). Additionally, as to the obstruction allegations as they relate to Plaintiff's domestic violence charge in which he alleges in the complaint that such charges were dismissed, the state court records indicate otherwise. Plaintiff in fact, entered a no contest plea. (See Doc. 24, PageId# 203-204). As such, plaintiff's obstruction claims should be dismissed for failure to state a claim because plaintiff cannot recover civilly for the violation of criminal statutes.

     5. *Diversity Jurisdiction*

Even if this Court found that the complaint sufficiently alleged that Plaintiff owned the rocket motors and stated a claim for conversion and unjust enrichment, this Court would lack jurisdiction to hear this case. The undersigned is recommending the dismissal of all other claims. Thus, if the conversion and unjust enrichment claims as to the rocket motors remain, the jurisdictional amount would not be met. Plaintiff attaches to his complaint the consignment documents showing that Mr. Collier received $41,985.00 (see Doc.1-2, PageID#15). 28 U.S.C. 21§1332 sets forth that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different

States." With all other claims recommended to be dismissed, this claim would not reach the threshold amount.

### III. Conclusion

In light of the foregoing, it is herein **RECOMMENDED** that Defendants' motion to dismiss (Doc. 24) be **GRANTED**, Plaintiff's applications for default (Docs. 22, 23) be **DENIED as MOOT**, and this matter be **CLOSED.**

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AUSTIN BINKS,

        Plaintiff,

        v.

KAREN COLLIER, et al

        Defendants.

Case No. 1:20-cv-77

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).